UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NADIA RODRIGUEZ,

    Plaintiff,

v.                                                        CASE NO. 8:15-cv-1621-T-23AAS

MIAMI DADE COUNTY,

    Defendant.
_____/

**ORDER**

Nadia Rodriguez filed (Doc. 43-1) with the Equal Employment Opportunity Commission a "charge of discrimination" against Miami-Dade County. The EEOC found no violation, closed the file, and provided Rodriguez with a "right to sue" letter. On July 9, 2015, Rodriguez sued. (Doc. 1) An October 22, 2015 order (Doc. 13) dismissed the complaint for insufficient service and for failure to state a claim. Rodriguez timely amended the complaint. On September 15, 2016, and without leave of court, Rodriguez again amended the complaint. Miami-Dade County moves (Doc. 43) to dismiss the second amended complaint. (Doc. 42) The second amended complaint alleges (I) nationality discrimination, (II) unlawful retaliation, (III) retaliation under the False Claims Act, and (IV) harassment.

**Counts I, IV**

Rodriguez's EEOC charge sheet (Doc. 43-1) alleges discrimination based on race, discrimination based on national origin, and harassment. Following the exhaustion of her administrative remedies Rodriguez filed (Doc. 1) timely a lawsuit alleging a violation of "Title VII of the Civil Rights Act." Rodriguez sufficiently states a claim under Counts I and IV.

**Count II**

Rodriguez alleges retaliation under Title VII. "To establish a prima facie case of retaliation . . . a plaintiff must show that (1) he engaged in statutorily protected expression; (2) he suffered an adverse employment action; and (3) there is some causal relation between the two events." *Olmsted v. Taco Bell Corp.*, 141 F.3d 1457, 1460 (11th Cir.1998) (*citing Meeks v. Computer Associates Int'l*, 15 F.3d 1013, 1021 (11th Cir.1994)). Miami-Dade argues that Rodriguez is barred from litigating the retaliation claim because Rodriguez failed to mention retaliation in the EEOC charge sheet. (Doc. 43 at 5–6)

Under *Gregory v. Georgia Dept. of Human Resources*, 355 F.3d 1277, 1280 (11th Cir. 2004), a retaliation claim is not administratively barred by a failure to mark the retaliation space on the EEOC charge sheet if the retaliation claim could "reasonably be expected to grow out of the charge of discrimination," that is, if the retaliation charge is "like, or related to . . . the allegations contained in [the] EEOC charge." A district court should remain "extremely reluctant to allow procedural

technicalities to bar claims brought under [Title VII] . . . 'the scope of an EEOC complaint should not be strictly interpreted.'" *Gregory*, 355 F.3d at 1280. *Quoting Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 460–65 (5th Cir. 1970) (Goldberg, J.).

Rodriguez's administrative charge of discrimination based on race, national origin, and harassment alleges facts that permit an informed inference of retaliation. Because Rodriguez's retaliation claim resides within the contemplation of her EEOC charge, Rodriguez exhausted the necessary administrative remedies.

**Count III**

Rodriguez sues (Doc. 42) under the False Claims Act for retaliation. Miami-Dade argues that the claim is barred under 32 U.S.C. § 3730(h), which states that a civil claim "may not be brought more than three years after the date when the retaliation occurred."[*] On January 9, 2013, Miami-Dade terminated Rodriguez's employment (arguably the final alleged retaliatory act, but Rodriguez also alleges that her former supervisor made "malicious" and "callous" telephone calls to Rodriguez on April 10, 2013, the day of Rodriguez's unemployment appeals hearing). (Doc. 42 at 12, ¶ 34) Rodriguez amended the complaint in September 2016, more than three years after the final alleged retaliatory act.

Rule 15 allows a party to amend the complaint despite the applicable limitation if the other party is sufficiently on notice of the facts and claims that

---

[*] The plaintiff argues that a six-year limitation applies because "the statute of limitations . . . is six years not three as the count arose prior to the legislature changing the limitations period." (Doc. 44 at 6) The three-year limitation outlined in Section 3730(h)(3) became effective on July 22, 2010. Each allegedly retaliatory act occurred after July 2010.

support the amendment.  Under Rule 15(c)(1)(B), "relation back" is allowed when an amended pleading "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading."  "The critical issue in Rule 15(c) determinations is whether the original complaint gave notice to the defendant of the claim now being asserted." *Woods Exploration & Producing Co., Inc. v. Aluminum Co. of America*, 438 F.2d 1286, 1299–1300 (5th Cir.1971).  In *Moore v. Baker*, 989 F.2d 1129, 1132 (11th Cir. 1993), "relation back" was not permitted because the new claim, asserted for the first time in the amended complaint, occurred at a different time, involved different conduct, and rested on different facts.

In the second amended complaint Rodriguez alleges that she "exposed and notified Miami-Dade that [Miami Dade's PHCD Regional Manager] was engaged in a fraudulent activity involving a pattern of fraud against the government . . . falsifying the true condition of appliances."  (Doc. 42 at 18)  Neither the EEOC charge sheet nor the complaint mentions an alleged breach of the False Claims Act retaliation provision.  However, the first amended complaint, filed within the limitation period, alleges that air-conditioning equipment was "unjustifiably thrown away" (Doc. 15 at 6, ¶ 18) and that Rodriguez reported the air conditioning incident "and other similar events" to the "PHCD Asset Management Director."  (Doc. 15 at 6, ¶ 19)  Exhibit 11, a "request for appliance disposition," states that a compressor is repairable.  (Doc. 15 at 35).  Exhibit 12, a purported email from Rodriguez that

- 4 -

expresses Rodriguez's concerns, mentions "possible irregularities with appliances." Rodriguez alleges that repairable air conditioning units were discarded and that "other documents" evidence other instances of "the same situation." (Doc. 15 at 36)

The alleged retaliation happened at the same time as the alleged race and nationality discrimination. The allegations are intertwined and involve similar conduct. Rodriguez's FCA retaliation claim arguably "relates back" to the first amended complaint, which notified Miami-Dade of the facts and claims alleged in the amendment.

## CONCLUSION

Miami-Dade's motion (Doc. 43) to dismiss is **DENIED**. No later than **FEBRUARY 15, 2017**, Miami-Dade must answer.

ORDERED in Tampa, Florida, on January 30, 2017.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE