# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**NADIA RODRIGUEZ,**

    **Plaintiff,**

v.                                                               Case No.: 8:15-cv-1621-T-23AAS

**MIAMI DADE COUNTY,**

    **Defendant.**

_____/

## ORDER

This cause comes before the Court on Plaintiff's Motion to Strike, Stay and or Abate Ruling on Defendant's Motion for Summary Judgment Pursuant to Recent Discovery that Defendant Materially Breached its Obligation to Comply with Discovery and to Compel Defendant to Comply and or and in Fairness Allow Plaintiff a Reasonable Extension of Time to Respond Necessitated by Violations and Unforeseen Circumstances Resulting from Hurricane Irma ("Motion to Delay Ruling and Reopen Discovery" or "Motion") (Doc. 65), and Defendant's response thereto (Doc. 67).

### I. INTRODUCTION

Plaintiff brings this action against Defendant for alleged nationality discrimination, unlawful retaliation, retaliation under the False Claims Act, and harassment. (Doc. 42). On April 13, 2016, the Court issued its Case Management and Scheduling Order ("CMSO"), which included a November 28, 2016 discovery deadline. (Doc. 32). On March 3, 2017, Plaintiff filed an Unopposed Motion to Extend Discovery, requesting to reopen and extend the discovery deadline

1

to take the depositions of Defendant's employees.[1]  (Doc. 51).  The Court granted the motion and extended the discovery deadline to May 3, 2017.  (Doc. 52).  On May 5, 2017, the parties filed an Agreed Motion to Extend All Deadlines, Pretrial and Trial, because Plaintiff's counsel had "been attempting to serve witnesses for deposition without success."  (Doc. 57).  The Court granted the parties' agreed motion, extended the discovery deadline to August 23, 2017, extended the dispositive motion deadline to September 25, 2017, and rescheduled the final pretrial conference for November 13, 2017, in anticipation of a December trial.  (Doc. 58).

On September 25, 2017, Defendant filed a Motion for Summary Judgment.  (Doc. 64).  On October 10, 2017, over a month after the twice extended discovery deadline, Plaintiff filed the instant Motion to Delay Ruling and Reopen Discovery.  (Doc. 65).  On October 26, 2017, Defendant filed a response in opposition to Plaintiff's Motion.  (Doc. 67).  Accordingly, this matter is ripe for review.

## II.     ANALYSIS

Plaintiff's Motion requests that the Court delay ruling on Defendant's Motion for Summary Judgment (Doc. 64), and reopen discovery so that certain purported discovery violations can be addressed.  (Doc. 65, pp. 6-11).  Plaintiff also requests an extension of time to respond to Defendant's Motion for Summary Judgment.  (*Id.* at pp. 5-6).  The Court will address each request in turn.

---

[1] Defendant's response to the instant motion indicates that Plaintiff's Unopposed Motion to Extend Discovery (Doc. 51) was not "unopposed," as it was titled and stated in the motion. (Doc. 67, p. 2).  If that motion was opposed, Defendant should have filed a notice with the Court advising that the motion misrepresented Defendant's position and requesting the Court's reconsideration.

## A. Motion to Delay Ruling and Reopen Discovery

Plaintiff requests that the Court delay ruling on Defendant's Motion for Summary Judgment until Defendant complies with its discovery obligations. (*Id.* at pp. 6-11). Discovery is this action closed on August 23, 2017, after being twice extended for a total of almost nine months past the original discovery deadline. (Docs. 32, 52, 58). Plaintiff did not file the instant Motion, which accuses Defendant of discovery violations, until October 10, 2017—almost seven weeks after the discovery deadline and after Plaintiff's deadline for responding to Defendant's Motion for Summary Judgment. (Doc. 65). Because the discovery deadline has passed, Plaintiff must demonstrate good cause and excusable neglect for the delay in raising these discovery issues and requesting that the Court reopen discovery.

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also* Fed. R. Civ. P. 6(b)(1) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time[.]"). In addition, when a motion to extend discovery is filed after the expiration of the deadline, the moving party also must demonstrate "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Further, Local Rule 3.09(b), M.D. Fla., permits the Court to extend a discovery deadline only when it is "not the result of lack of diligence in pursuing such discovery."

Here, Plaintiff alleges that Defendant withheld certain work orders and email correspondence from production. (Doc. 65, pp. 3-6). In response, Defendant contends that it does not possess the documents Plaintiff now seeks, and was not legally required to maintain them. (Doc. 67, p. 4). Both parties agree that immediately after Plaintiff's deposition on April 24, 2017, Plaintiff was in receipt of the documents Defendant produced in response to Plaintiff's discovery requests, Bates Numbered 1-3054. (Doc. 65, pp. 3-4; Doc. 67, pp. 2-3). As possible reasons for

the over five-month delay in filing this Motion, Plaintiff references Attorney Dandar withdrawing from the case on July 26, 2017 (Doc. 63), and Attorney Tanner's need to provide care for a close relative. (Doc. 65, pp. 4-5). Although Plaintiff filed this action pro se, Mr. Tanner appeared on her behalf beginning in March 2016, with Mr. Dandar specially appearing in August 2016 for purposes of the mediation followed by his more active role in the litigation in 2017 as indicated by the motion practice. (Docs. 28, 39). Both attorneys had an obligation to actively participate in discovery within the discovery period, including the multiple extensions. On this record, the Court cannot conclude that good cause, or excusable neglect, exists for the delay in filing this Motion.

Therefore, in light of the foregoing, Plaintiff's request to delay ruling on Defendant's Motion for Summary Judgment and reopen discovery is denied.

### B. Motion for Extension of Time

Plaintiff requests an extension of time to response to Defendant's Motion for Summary Judgment, due to hardship caused by Hurricane Irma. (Doc. 65, pp. 5-6). Defendant has no objection to Plaintiff's request. (Doc. 67, p. 1). Plaintiff's request for an extension is granted. Plaintiff shall file her response to Defendant's Motion for Summary Judgment (Doc. 64) no later than **November 14, 2017**.

### III. CONCLUSION

Accordingly, for the reasons stated herein, it is **ORDERED** that Plaintiff's Motion (Doc. 65) is **GRANTED in part and DENIED in part**, as provided in the body of this Order.

**DONE AND ORDERED** in Tampa, Florida on this 31st day of October, 2017.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge