UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NADIA RODRIGUEZ,

    Plaintiff,

v.                                         Case No.: 8:15-cv-1621-T-23AAS

MIAMI-DADE COUNTY,

    Defendant.
_____/

## ORDER

After denial of Miami-Dade County's late request to have its designated representative appear telephonically at a court-ordered mediation, Nadia Rodriguez seeks an order directing the parties to return to mediation and for sanctions against Miami-Dade for its failure to comply with the court's mediation orders. (Doc. 91). Miami-Dade opposes the motion (Doc. 94), and submits its reasons why sanctions are not warranted (Doc. 89).

**I.    BACKGROUND**

On April 18, 2018, the court ordered the parties to mediate by May 18, 2018. (Doc. 80). The parties scheduled the mediation for May 16, 2018, at 9:30 a.m. (Doc. 82). The afternoon before the mediation, Miami-Dade requested permission for its designated representative to appear telephonically because it was more than 270 miles from Miami to Tampa and the designated representative must remain in Miami "due to an ongoing audit process and work issues." (Doc. 83).

The morning of the scheduled mediation, the court denied Miami-Dade's motion for its designated representative to appear telephonically. (Doc. 87). The order further directed, if Miami-Dade's designated representative did not attend the mediation in person, Miami-Dade must

1

show cause why sanctions should not be imposed. (*Id.*). Miami-Dade's designated representative did not appear at the mediation so Miami-Dade responded to the order to show cause. (Doc. 89).

Subsequently, Ms. Rodriguez filed the instant motion requesting the parties return to mediation and for sanctions against Miami-Dade, including the payment of the mediator's fees, attorney's fees, and the cost of further mediation. (Doc. 91). In response, Miami-Dade consents to payment of Ms. Rodriguez's portion of the mediator's fees but opposes the remaining requests. (Doc. 94). Taken together, the gist of Miami-Dade's responses to the order to show cause and Ms. Rodriguez's motion are: (1) Miami-Dade's counsel selected a date without checking the availability of her client (Docs. 89, p. 1; 93, pp. 1-2); (2) counsel learned that the designated representative was unavailable too late to cancel the mediation without a $1,500.00 cancellation fee (Doc. 89, p. 3-4); (3) only Miami-Dade's Board of County Commissioners has "full authority to settle" (*Id.* at pp. 2-3); (4) the mediation would not result in a settlement no matter who attended (*Id.* at p. 3); and (5) there was no prejudice to Ms. Rodriguez because she still received a benefit from the mediator's efforts (Doc. 94, p. 3).

## II.  ANALYSIS

The April 2018 order requiring the parties to mediate a second time expressly required the parties' compliance with the June 2016 mediation order. (Doc. 80). The June 2016 mediation order requires:

> Absent leave of court, which is granted only in an extraordinary circumstance, each attorney acting as lead counsel and each party (or the designated representative with full authority to settle) must attend the mediation in person.

(Doc. 36, p. 3).

On motion or on its own, the court may sanction a party or its attorney for failure to obey a scheduling order. Fed. R. Civ. P. 16(f)(1)(C). The court "must order the party, its attorney, or

both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance ... unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2). Local Rule 9.05(c) requires all parties to be present at a court-ordered mediation conference unless expressly excused by the presiding judge in writing, and the failure to attend such a conference may subject a party to sanctions.

Miami-Dade's designated representative did not appear at the May 16th mediation due to the distance between Miami and Tampa and "an ongoing audit process and work issues that required her presence." (Doc. 89, p. 1). This explanation falls short of establishing that the failure to attend the mediation was substantially justified. The court's mediation order clearly required personal attendance of counsel and a designated representative with full authority to settle. In addition, the parties mutually agreed upon the mediation date and filed the notice of mediation twenty days prior to the scheduled mediation date. (Doc. 82). Yet, it was not until the day before the mediation that Miami-Dade filed its opposed motion to appear telephonically. (Doc. 83). Presumably assuming that its filed motion was sufficient but in direct violation of the court's prior orders, Miami-Dade's designated representative did not attend the May 16th mediation. (Docs. 36, 80).

None of Miami–Dade's excuses establish that the failure of their designated representative to appear at the mediation was substantially justified, or that other circumstances make an award of expenses unjust. *See Scott v. K.W. Max Investments, Inc.*, No. 6:05-cv-683-ORL-18, 2007 WL 80851, *2 (M.D. Fla. Jan. 8, 2007) (granting sanctions for failure to appear at mediation in violation of case management and scheduling order). Thus, the court "must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of

3

any noncompliance." Fed. R. Civ. P. 16(f)(2).

Ms. Rodriguez's counsel, James Roscoe Tanner, seeks attorney's fees in the amount of $1,800.00 ($450.00/hr for four hours) incurred in relation to the May 16th mediation. According to the website for The Florida Bar, Mr. Tanner has been admitted to practice law for over thirty years and has a broad range of litigation experience. Other than saying the fees are "unjustified" (Doc. 94, p. 3), Miami-Dade does not offer any opposition to Mr. Tanner's number of hours or proposed hourly rate. Therefore, Mr. Tanner's fees will be awarded in the amount of $1,800.00.

Because the parties have already engaged in two mediations and the July 2018 trial term is quickly approaching, further mediation would be a waste of valuable time and resources.

### III.  CONCLUSION

For the foregoing reasons it is **ORDERED** that Ms. Rodriguez's Motion for Order Directing Parties to Return to Mediation and Awarding Sanctions (Doc. 91) is **GRANTED IN PART AND DENIED IN PART**, as follows:

(1)  Miami-Dade shall pay Ms. Rodriguez's share of the mediator's fee for the May 16th mediation;

(2)  Miami-Dade shall pay Ms. Rodriguez's attorney's fees in the amount of $1,800.00, for Mr. Tanner's preparation and participation in the May 16th mediation; and

(3)  In all other respects, the motion is denied.

**ORDERED** in Tampa, Florida on this 8th day of June, 2018.

AMANDA ARNOLD SANSONE
United States Magistrate Judge