UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NADIA RODRIGUEZ,

    Plaintiff,

v.                                       Case No. 8:15-cv-1621-T-AAS

MIAMI-DADE COUNTY,

    Defendant.
_____/

## ORDER

This Order follows Nadia Rodriguez's motion in limine (Doc. 96), Miami-Dade County's motion in limine (Doc. 102), and Ms. Rodriguez's motion for judicial notice (Doc. 105).[1] The court will address the exhibits at issue in each motion in turn.

### A.     Plaintiff's Exhibit 19

Plaintiff's Exhibit 19, which the parties entitle "MDC appeal employment decision," is an automated appeal concerning Ms. Rodriguez's employment at Miami-Dade County. (Doc. 44-1, p. 29). Although the circumstances leading to the automated appeal are unclear, under a section entitled "Appeal Explanation," the automated appeal states: "The claimant was discharged for failing to meet the employer's job performance requirement." (*Id.*). The claimant listed on the

---

[1] Nadia Rodriguez's motion in limine does not seek to exclude evidence. (Doc. 96). Rather, in her motion in limine, Ms. Rodriguez moves to admit and authenticate Plaintiff's Exhibit 20. (*Id.*). Ms. Rodriguez also moves for the court to take judicial notice of Plaintiff's Exhibit 20. (Doc. 105). The court addresses these two arguments together.

1

automated appeal is Ms. Rodriguez. (Doc. 44-1, p. 29).

Miami-Dade County argues Plaintiff's Exhibit 19 should be excluded because it is irrelevant to the claims and defenses in this case. (Doc. 102, p. 1). Miami-Dade County also argues any probative value to the exhibit is outweighed by the danger of confusing or misleading the jury. (*Id.* at 2–5). In response, Ms. Rodriguez argues case law supports finding unemployment decisions, like Plaintiff's Exhibit 19, admissible. (Doc. 109, pp. 3–4).

Under Federal Rule of Evidence 401, evidence is relevant if it has any tendency to make a fact more or less probable and that fact is "of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence is generally admissible. Fed. R. Evid. 402. The court, however, can exclude relevant evidence "if its probative value is substantially outweighed by a danger of" unfair prejudice, confusing the issues, or misleading the jury. Fed. R. Evid. 403.

Decisions awarding unemployment compensation under Florida law are irrelevant to determining whether an employer retaliated or discriminated against an employee. *Dagness v. Target Media Partner Operating Co., LLC*, No. 1:15-CV-23989-UU, 2016 WL 10647255, at *4 (S.D. Fla. Nov. 14, 2016).

Here, Ms. Rodriguez failed to explain the circumstances that led to the automated decision she wishes to introduce into evidence. Even if Ms. Rodriguez sufficiently explained the circumstances surrounding Plaintiff's Exhibit 19, the exhibit is not relevant to any claim or defense in this case. The issues the jury must

2

determine are whether Miami-Dade County discriminated or retaliated against Ms. Rodriguez. (Doc. 80). Whether Ms. Rodriguez was entitled to unemployment compensation under Florida law is irrelevant. Even if Plaintiff's Exhibit 19 was relevant, the danger of confusing or misleading the jury if Ms. Rodriguez introduced the automated decision into evidence substantially outweighs any probative value the exhibit might have. Therefore, Miami-Dade County's motion to exclude Plaintiff's Exhibit 19 is granted.

B.     **Plaintiff's Exhibit 20**

Plaintiff's Exhibit 20 is a "Decision of Appeals Referee" from the Florida Department of Economic Opportunity (FDEO). (Doc. 105-1). In its decision, the FDEO affirmed Miami-Dade County's automated appeal and found Mr. Rodriguez entitled to unemployment benefits. (*Id.*).

Miami-Dade County argues the FDEO's decision is irrelevant and any probative value the FDEO's decision might have is substantially outweighed by the danger of confusing or misleading the jury. (Docs. 102, 108).

Ms. Rodriguez argues Miami-Dade County had the opportunity to appeal the FDEO's decision finding her entitled to employment compensation, but Miami-Dade County failed to do so. (Doc. 109, p. 3). Ms. Rodriguez claims the FDEO's decision is relevant because Miami-Dade County's position in this case is that Ms. Rodriguez engaged in misconduct, which led to termination; therefore, the FDEO's decision is relevant to Miami-Dade County's defense. (*Id.*). Ms. Rodriguez requests the court to

3

take judicial notice of the FDEO's decision as an adjudicative fact under Federal Rule of Evidence 201. (Doc. 105).

Like other unemployment compensation determinations, FDEO appeals referees' decisions are irrelevant to determining whether an employer discriminated or retaliated against an employee. *Gray v. Fla. Dept. of Juvenile Justice*, No. 3:06-CV-990-J-20MCR, 2008 WL 11336339, at *2 (M.D. Fla. Feb. 21, 2008) (citation omitted); *see also Muller–Davila v. Care Placement Home Health Agency, Inc.*, No. 8:17-CV-505-T-26AAS, 2018 WL 1565457, at *3 (M.D. Fla. Mar. 30, 2018) (declining to consider appeals referee decision denying reemployment assistance benefits in a Title VII case).

Here, the FDEO appeals referee's decision that Ms. Rodriguez was entitled to unemployment benefits is irrelevant to whether Miami-Dade County discriminated or retaliated against Ms. Rodriguez. Even if the appeals referee's decision was relevant, the danger of misleading or confusing the jury if Ms. Rodriguez introduced the exhibit into evidence substantially outweighs its probative value. Therefore, Miami-Dade County's motion to exclude Plaintiff's Exhibit 20 is granted and Ms. Rodriguez's motion for judicial notice of Plaintiff's Exhibit 20 is denied.

### C. Plaintiff's Exhibit 21

Plaintiff's Exhibit 21 is a printout of calls Ms. Rodriguez received on her cell phone. (Doc. 44-1, pp. 33–35). The exhibit includes arrows next to calls Ms. Rodriguez claims came from Leshia Elie, Ms. Rodriguez's former supervisor at

Miami-Dade County's Public Housing and Community Development Department. (Doc. 44-1, pp. 33–35).

Miami-Dade County argues the court should exclude Plaintiff's Exhibit 21 for multiple reasons. (Doc. 102, 107). Miami-Dade County argues the exhibit cannot be authenticated under Federal Rule of Evidence 901. (Doc. 102, p. 5; Doc. 107, p. 2). Next, Miami-Dade County argues the exhibit fails to satisfy the best evidence rule. (Doc. 102, pp. 5–6). Miami-Dade County also argues the exhibit lacks trustworthiness. (*Id.*). Last, Miami-Dade County argues the exhibit constitutes hearsay and does not fall within an exception. (*Id.* at 6; Doc. 107, pp. 2–3).

Ms. Rodriguez argues testimony from multiple witnesses can authenticate the exhibit. (Doc. 96, p. 5; Doc. 109, pp. 5–7). Ms. Rodriguez also argues the exhibit does not constitute hearsay because she is not offering the exhibit for the truth of the matter asserted. (Doc. 109, p. 6).

The court will address Miami-Dade County's evidentiary objections in turn.

1. Authentication Objection

Federal Rule of Evidence 901(a) states the following:

> To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is.

Fed. R. Evid. 901(a). An item of evidence can be authenticated by testimony of a witness with knowledge of the item. Fed. R. Evid. 901(b)(1). After a witness authenticates evidence through testimony, the jury decides the ultimate question of

5

authenticity and reliability. *United States v. Broomfield*, 591 F. App'x 847, 851 (11th Cir. 2014) (citation omitted).

Here, Ms. Rodriguez can testify about the nature and content of Plaintiff's Exhibit 21. Her testimony would be enough to make a prima facie showing that Plaintiff's Exhibit 21 is authentic. Miami-Dade County can cross-examine Ms. Rodriguez, or whoever authenticates the exhibit, and then the jury will decide the ultimate question about authenticity and reliability of Plaintiff's Exhibit 21. Therefore, Miami-Dade County's Rule 901 objection is overruled.

2. Best Evidence Objection

Federal Rule of Evidence 1002 states the following:

> An original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise.

Fed. R. Evid. 1002. "For electronically stored information, 'original' means any printout—or other output readable by sight—if it accurately reflects the information." Fed. R. Evid. 1001(d); *see Greco v. Velvet Cactus, LLC*, No. 13-3514, 2014 WL 2943598, at *2–3 (E.D. La. June 27, 2014) (applying Rule 1002 to email printouts with embedded text messages).

Here, Plaintiff's Exhibit 21 is a printout of electronically stored information, namely a call log of Ms. Rodriguez's MetroPCS cell phone. (Doc. 44-1, pp. 5–7). Plaintiff's Exhibit 21 appears to accurately reflect the information it purports to show. Therefore, Plaintiff's Exhibit 21 satisfies the best evidence rule and Miami-

6

Dade County's objection under Rule 1002 is overruled.

### 3. Hearsay Objection

Hearsay is an out-of-court statement used to prove the truth of the matter asserted in the out-of-court statement. Fed. R. Evid. 801(c). A statement is an oral assertion, written assertion, or nonverbal conduct, if the declarant intended that conduct to be an assertion. Fed. R. Evid. 801(a). Hearsay statements are generally inadmissible. Fed. R. Evid. 802. Cell phone data automatically generated online are not statements or assertions under Rule 801(a). *United States v. Lamones*, 532 F.3d 1251, 1263 (11th Cir. 2008) (footnotes omitted); *Corbin v. Affiliated Computer Serv.*, No. 6:13-CV-180-ORL-36TBS, 2013 WL 3804862, at *8 (M.D. Fla. July 19, 2013) (quotation and citations omitted).

Here, the call log Ms. Rodriguez seeks to admit in Plaintiff's Exhibit 21 is not hearsay because it contains no human assertions. Therefore, Miami-Dade County's objection under Rule 802 is overruled.

To summarize, Miami-Dade County's evidentiary objections to Plaintiff's Exhibit 21 are overruled. Therefore, Miami-Dade County's motion to exclude Plaintiff's Exhibit 21 is denied. However, Ms. Rodriguez must introduce Plaintiff's Exhibit 21, and other evidence that purports to show Leshia Elie called Ms. Rodriguez, at trial. As a result, Ms. Rodriguez's "Motion in Limine seeking authentication and admission of the cell phone number and identification evidence of

[sic] at issue in the instant matter" (Doc. 96, p. 1) is denied.[2]

**D.    Plaintiff's Exhibit 22**

Plaintiff's Exhibit 22 appears to be a printout of an online search of a phone number with Leshia Elie's name listed, with other possible information. (Doc. 44-1, p. 36). Miami-Dade County argues the court should exclude Plaintiff's Exhibit 22 because it contains hearsay and Ms. Rodriguez cannot authenticate it. (Doc. 102, p. 6; Doc. 107, pp. 2–3).

Plaintiff's Exhibit 22 purports to be information generated from an online search. Because the information obtained through the search was automatically generated through the computer search and not a human statement, Plaintiff's Exhibit 22 is not a statement under Rule 801(a); therefore, it is not hearsay and Miami-Dade County's objection under Rule 802 is overruled. Ms. Rodriguez can also testify about the exhibit's authenticity under Rule 901 and Miami-Dade County can cross-examine her about the exhibit's reliability. The jury will ultimately decide

---

[2] With respect to Plaintiff's Exhibit 21, Miami-Dade County also claims "the selected pages Plaintiff seeks to introduce are clearly only a part of a more complete records." (Doc. 102, p. 5). To the extent the court construes this as an objection under Federal Rule of Evidence 106 (rule of completeness), Miami-Dade County's objection is overruled. If a party introduces part of a writing or recorded statement, the adverse party may require that any other part of the writing or statement be introduced at the same time. Fed. R. Evid. 106. However, the rule of completeness only permits introduction of additional material if the additional material is relevant and "necessary to qualify, explain, or place into context the portion already introduced." *United States v. Pendas–Martinez*, 845 F.2d 938, 944 (11th Cir. 1988) (citations omitted). Miami-Dade failed to explain how the additional portions of Ms. Rodriguez's call log are relevant or necessary. Therefore, any objection under Rule 106 is overruled.

whether the exhibit is authentic or reliable. Therefore, Miami-Dade County's objection under Rule 901 is also overruled and Miami-Dade County's motion to exclude Plaintiff's Exhibit 22 is denied.

Accordingly, it is **ORDERED** that:

1. Ms. Rodriguez's Motion in Limine for Pretrial Ruling Concerning Authenticity and Admissibility of Evidence of Telephone Number and Identification of Calling Party under Fed. R. Evid. 901-903 (Doc. 96) is **DENIED**. Ms. Rodriguez must introduce evidence about calls to her cell phone at trial.

2. Miami-Dade County's motion in limine (Doc. 102) is **GRANTED in part** and **DENIED in part**.

    a. Miami-Dade County's motion to exclude Plaintiff's Exhibit 19 is **GRANTED**.

    b. Miami-Dade County's motion to exclude Plaintiff's Exhibit 20 is **GRANTED**.

    c. Miami-Dade County's motion to exclude Plaintiff's Exhibit 21 is **DENIED**.

    d. Miami-Dade County's motion to exclude Plaintiff's Exhibit 22 is **DENIED**.

3. Ms. Rodriguez's motion for judicial notice (Doc. 105) is **DENIED**.

**ORDERED** in Tampa, Florida on this 18th day of July, 2018.

AMANDA ARNOLD SANSONE
United States Magistrate Judge