UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NADIA RODRIGUEZ,

    Plaintiff,

v.                                                    Case No. 8:15-cv-1621-T-AAS

MIAMI-DADE COUNTY,

    Defendant.
_____/

## ORDER

Prevailing party Miami-Dade County requests non-prevailing party Nadia Rodriguez reimburse its taxable costs. (Docs. 168, 170). Ms. Rodriguez opposes Miami-Dade County's request. (Doc. 171). Miami-Dade County's motion is **GRANTED-IN-PART** and **DENIED-IN-PART**. Miami-Dade County is awarded $1,263.70 in taxable costs.

### I.    BACKGROUND

Ms. Rodriguez sued Miami-Dade County for allegedly violating Title VII on the basis of national origin discrimination, retaliation for reporting the alleged national origin discrimination, hostile work environment, and for allegedly violating the False Claims Act by retaliating against Ms. Rodriguez after she reported fraudulent activity. (Doc. 42). After pretrial rulings in Miami-Dade County's favor on some of Ms. Rodriguez's claims, the remaining claims were tried in a four day jury trial.

1

(Docs. 80, 131–34). The jury returned a verdict in Miami-Dade County's favor on the national origin discrimination and the retaliation claims. (Docs. 136, 137). The Clerk entered judgment in favor of Miami-Dade County on both claims tried before the jury. (Docs. 166, 167).

Miami-Dade County now requests $5,529.12 from Ms. Rodriguez for its taxable costs. (Docs. 168, 170). Miami-Dade County's costs include: $50.00 in fees for service of summons and subpoena; $764.00 in fees for transcripts necessarily obtained for use in the case; $4,690.12 in fees for witnesses; and $25.00 in fees for exemplification and costs of making copies of materials used in the case. (Doc. 168). Ms. Rodriguez argues Miami-Dade County's requests are beyond what was reasonably necessary and her financial status demonstrates an inability to pay Miami-Dade County's taxable costs. (Doc. 171).

## II.   ANALYSIS

Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). A prevailing party is "one who has been awarded some relief by the court." *Morillo-Cedron v. Dist. Dir. for the U.S. Citizenship & Immigration Servs.*, 452 F.3d 1254, 1257 (11th Cir. 2006) (citation omitted). In awarding costs, courts are limited to those listed in 28 U.S.C. Section 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). It is within the court's discretion to deny a full award of costs if the court has,

and states, a sound reason for doing so. *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000).

## A. Fees for Service of Summons and Subpoena

Under Section 1920(1), a prevailing party may recover service of process costs for the complaint, as well as deposition and trial subpoenas. *Powell v. Carey Int'l, Inc.*, 548 F. Supp. 2d 1351, 1356 (S.D. Fla. 2008). Courts may tax costs for private process servers' fees, but those fees should not exceed the statutory maximum authorized for service by the U.S. Marshals Service. *EEOC v. W & O, Inc.*, 213 F.3d 600, 623–24 (11th Cir. 2000). According to regulations proscribed by the Attorney General, the U.S. Marshals Service may charge $65.00 per hour for each item served, plus travel costs and other out-of-pocket expenses. 28 U.S.C. § 1921(b); 28 C.F.R. § 0.114(a)(3).

Here, Miami-Dade County requests $50.00 in taxable costs for service of two subpoenas. (Doc. 168, pp. 1, 3). Miami-Dade County used a private process server to serve trial subpoenas on Leshia Elie, a former Miami-Dade County employee and decision maker in Ms. Rodriguez's case.[1] Because these service costs are properly taxable and less than what the U.S. Marshals Service's would charge for service, Miami-Dade County's request for reimbursement for service of these subpoenas is granted.

---

[1] Leshia Elie was served two subpoenas because the first subpoena resulted in non-service. (Doc. 168, p. 3).

## B. Fees for Printed or Electronically Recorded Transcripts

Under Section 1920(2), transcripts necessarily obtained for use in the case and the court reporter's per diem are taxable costs. *Ferguson v. Bombardier Serv. Corp.*, No. 8:03-CV-539-T-31DAB, 2007 WL 601921, at *3–4 (M.D. Fla. Feb. 21, 2007). Depositions are "necessarily obtained" if the deposition relates to a contested issue when the deposition occurred. *Bostick v. State Farm Mut. Auto. Ins. Comp.*, No: 8-16-cv-1400-T-33AAS, 2018 WL 1474712, at *2 (M.D. Fla. Mar. 8, 2018). To qualify for reimbursement, "the prevailing party must prove it is entitled to transcript costs when those costs are 'matters within the exclusive knowledge of the prevailing party.'" *Id.* (citation omitted).

Here, Miami-Dade County requests $764.00 in transcript costs. (Doc. 168, p. 1). Miami-Dade County paid $3.50 per page to U.S. Legal Support for a non-expedited transcript of Ms. Rodriguez's deposition. (*Id.* at 7). Miami-Dade County also incurred $50.00 as per diem for the court reporter at Ms. Rodriguez's deposition. (*Id.* at 3). Miami-Dade County states Ms. Rodriguez's deposition was necessarily obtained because she was the named party and primary witness. (Doc. 170, p. 4); *see also Gilson v. Indalgo, Inc.*, No. 6:12-cv-1423-Orl-18GJK, 2015 WL 1384099, at *3 (M.D. Fla. Mar. 25, 2015) (awarding costs because depositions of named parties and primary witnesses were necessarily obtained). Ms. Rodriguez does not dispute these costs. (Doc. 171). Thus, Miami-Dade County's request for reimbursement of costs incurred for transcription of Ms. Rodriguez's deposition is granted.

C. **Fees for Witnesses**

Section 1920(3) allows for reimbursement of witness fees under 28 U.S.C. Section 1821(b), which states that witnesses are to be paid $40.00 per day for each day's attendance. 28 U.S.C. § 1821(b); *Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460, 463 (11th Cir. 1996). Witnesses are also entitled to travel expenses by common carrier at the most economical rate reasonably available and a subsistence allowance if required to stay overnight, not to exceed the per diem allowance for federal employees. 28 U.S.C § 1821(c)(1) & (d)(1)–(2).

Internal Revenue Service determines the mileage reimbursement rate, which was 54.5 cents in July 2018. Internal Revenue Service, *Standard Mileage Rates for 2018 Up from Rates for 2017*, IRS.gov (Apr. 29, 2019), https://www.irs.gov/newsroom/standard-mileage-rates-for-2018-up-from-rates-for-2017.

General Services Administration determines the subsistence rates by location. General Services Administration, *FY 2018 Per Diem Rates for Florida*, GSA.gov, (Apr. 29, 2019) (https://www.gsa.gov/travel/plan-book/per-diem-rates/per-diem-rates-lookup/?action=perdiems_report&state=FL&fiscal_year=2018&zip=&city=). In July 2018, lodging was capped at $120 per night and meals and incidentals were capped at $54 per day. *Id.* The Meals & Incidentals per diem was capped at $40.50 for the first and last day of travel. *Id.* If a witness travels for only one day, the reimbursable costs are $40.50. 41 C.F.R. § 301-11.102.

Here, Miami-Dade County requests reimbursement of $4,690.12 in fees for six out-of-town witnesses.[2] (Doc. 168, pp. 3–4). The reimbursement requests will be addressed separately with respect to each witness.

1. <u>Leshia Elie</u>

Miami-Dade County requests $792.76 in costs for the trial testimony of former employee Leshia Elie: $120.00 in attendance fees; $241.96 for a roundtrip flight from Miami to Tampa; $268.80 in hotel accommodations; and $162.00 for meals and incidentals. (Doc. 168, p. 3).

Ms. Elie testified on the third day of trial for just over two hours (from 11:50 a.m. to 12:28 p.m. and 1:52 p.m. to 3:21 p.m.). (Doc. 133). Because Ms. Elie testified on the third day of trial only, her attendance fee is reduced to $40.00. *See Peeler v. KVH Indus., Inc.*, No. 8:12-cv-1585-T-33TGW, 2014 WL 12617558, at*6–7 (M.D. Fla. June 16, 2014) (permitting attendance fees for witnesses only for the day they testified at trial).

The distance from Miami to Tampa is about 282 miles each way; so, driving roundtrip at 54.5 cents per mile would cost about $307. Ms. Elie's roundtrip flight is reimbursed at $241.96 because it was the most economical rate reasonably available given the approximate $307 expense for driving roundtrip.

Ms. Elie's hotel reimbursement is limited to $120.00 for a one-night stay

---

[2] Miami-Dade County's requested reimbursement for witness fees actually totals $4,690.45.

6

because of the per diem cap and because it is unreasonable to for Miami-Dade County to seek taxation of two nights of accommodations for such a limited amount of testimony. Likewise, Ms. Elie's meals and incidentals are capped at $81.00. Therefore, the total reimbursement for costs associated with Ms. Elie's testimony is $482.96.

        2.      <u>Simona Marlow</u>

Miami-Dade County requests $1,048.38 in costs for the trial testimony of Simona Marlow: $120.00 in attendance fees; $304.11 in roundtrip mileage from Miami to Tampa; $462.27 in hotel accommodations; and $162.00 for meals and incidentals. (Doc. 168, p. 3–4).

Simona Marlow testified on the second day of trial. (Doc. 132). Ms. Marlow is the Senior Human Resources Manager for Miami-Dade County. (Doc. 132). Ms. Rodriguez contests Ms. Marlow's costs because Ms. Marlow was "working and sitting in court along with the counsel for the defendant." (Doc. 171, p. 3).

Courts generally differentiate between the time corporate representatives are witnesses and the time they are advising counsel. *See W&O, Inc.*, 213 F.3d at 620 (citations omitted) (stating the Eleventh Circuit has not yet ruled on whether non-nominal party witnesses may recover witness fees); *see also Philadelphia Am. Life Ins. Co. v. Buckles*, No. 6:07-cv-1743-Orl-22DAB, 2009 WL 10671238, at *1–2 (M.D. Fla. June 26, 2009) (excluding a corporate representative's witness fees because the representative was viewed as a party). Ms. Marlow appeared daily at trial as the

client representative for Miami-Dade County. (Docs. 131–33). Miami-Dade County will not be awarded witness costs for Ms. Marlow because, for the great majority of trial, she attended trial as a non-nominal party witness—not as a regular witness.

    3.    <u>Daniel Joseph</u>

Miami-Dade County requests $877.73 in costs for the trial testimony of Daniel Joseph: $120.00 in attendance fees; $340.40 for a roundtrip flight from Miami to Tampa; $255.33 in hotel accommodations; and $162.00 for meals and incidentals. (Doc. 168, p. 4).

Mr. Joseph testified on the third day of trial for less than one hour (9:35 a.m. to 10:31 a.m.). (Doc. 133). Mr. Joseph's attendance fee is therefore reduced to $40.00. Mr. Joseph's flight was more expensive than driving roundtrip between Miami and Tampa; therefore, Miami-Dade County will be reimbursed $307 (the reimbursement rate for driving). Mr. Joseph's hotel accommodations exceed the per diem cap of $120.00 per night. Further, it is unreasonable for Miami-Dade to seek reimbursement for two nights of hotel accommodations when Mr. Joseph testified for less than an hour in the morning. Accordingly, only costs for one night of accommodations ($120.00) will be taxed. Similarly, Mr. Joseph's taxable meals and incidentals are capped at $81.00. Therefore, $548.00 in costs is granted for the testimony of Mr. Joseph.

    4.    <u>Paola Cuff</u>

Miami-Dade County requests $311.97 in costs for the trial testimony of Paola

8

Cuff: $40.00 in attendance fees; $217.97 for a roundtrip flight from Miami to Tampa; and $54.00 for meals and incidentals. (Doc. 168, p. 4).

Ms. Cuff testified on the second day of trial for twenty minutes (from 4:25 p.m. to 4:45 p.m.). (Doc. 132). Ms. Cuff's attendance fee is therefore $40.00. Miami-Dade County is reimbursed $217.97 for Ms. Cuff's flight because it was the most economical rate reasonably available. In addition, Miami-Dade County is reimbursed $40.50 for Ms. Cuff's meals and incidentals. Therefore, Miami-Dade County may recover $298.47 for costs associated with Ms. Cuff's trial testimony.

     5.    <u>Juanita Bennett</u>

Miami-Dade County requests $1,024.02 in taxable costs for the trial testimony of Juanita Bennett: $120.00 in attendance fees; $278.46 in car rental fees to drive from Miami to Tampa; $463.56 in hotel accommodations; and $162.00 for meals and incidentals. (Doc. 168, p. 4).

Ms. Bennett testified on the third day of trial for one hour and sixteen minutes (from 10:32 a.m. to 11:48 a.m.). (Doc. 133). Ms. Bennett's taxable attendance fee is therefore reduced to $40.00. Ms. Bennett's travel from Miami to Tampa is the most economical rate reasonably available; so, travel costs of $278.46 are allowed.

Ms. Bennett's hotel accommodations, however, are denied. Miami-Dade County failed to provide a receipt for Ms. Bennett's hotel required by statute. 28 U.S.C. § 1821(c)(1)–(3) & (d); *Ferguson*, 2007 WL 601921 at *5 (denying costs for failure to submit hotel receipt required by Section 1821). The Proposed Bill of Costs

9

has a cancelled flight itinerary, but the flight and hotel were booked together on Expedia. (Doc. 168, pp. 31–39). A receipt for $463.56 for the hotel is not included, and Miami-Dade County provides no other proof Ms. Bennett did in fact stay overnight or what was her hotel rate. Even if the receipt had been included, only the costs of one night's stay would be taxed. Absent more documentation, only one day of Ms. Bennett's meals and incidentals ($40.50) are taxable. Ms. Bennett's reimbursable costs are therefore limited to $358.96.

### 6. Lon Walcott

Section 1920(3) permits taxation of costs for "[f]ees and disbursements for . . . witnesses." Witness fees for non-testifying witnesses may be appropriate if the witness's appearance at trial was reasonably necessary. *See, e.g.*, *George v. GTA Dirs. Corp.*, 114 F. Supp. 2d 1281, 1299–1300 (M.D. Fla. 2000) (awarding costs for witnesses reasonably necessary to the trial but not called to testify); *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, No. 5:97-cv15-Oc-10C, 2001 WL 862642, at *1 (M.D. Fla. May 4, 2001) (same); *Cadle v. Geico Gen. Ins. Co.*, No. 6:13-cv-1591-Orl-31GJK, 2015 WL 4352048 (M.D. Fla. July 14, 2015) (allowing recovery of witness fees for witnesses ready to testify at trial, even if they were not called).

Miami-Dade County requests $635.59 for its costs for the testimony of Lon Walcott: $80.00 in attendance fees; $301.71 for mileage; $145.88 for hotel accommodations; and $108.00 for meals and incidentals. (Doc. 168, p. 4). Ms. Rodriguez contests Mr. Walcott's witness fees because Mr. Walcott never testified at

trial and "never worked or was related to the plaintiff." (Doc. 171, p. 2). Miami-Dade County requests fees for Mr. Walcott because Mr. Walcott is a Miami-Dade County employee who traveled to Tampa for trial in response to a subpoena from Ms. Rodriguez's counsel. (Doc. 170, p. 4).

Mr. Walcott was not listed as a witness for either Ms. Rodriguez or Miami-Dade County. (Doc. 101). Thus, Mr. Walcott's appearance at trial was not "reasonably necessary," and Mr. Walcott would not have been permitted to testify because neither party listed him as a witness. *Young v. Eslinger*, No. 6:04-cv-1830-Orl-31KRS, 2008 WL 824219, at *5 (M.D. Fla. Mar. 25, 2008) (denying taxation of cost for transcript of individual's sworn statement because he was not listed as a possible witness by either party in the final pretrial statement and only used for investigative purposes). Miami-Dade County's decision to pay for Mr. Walcott's attendance fees, travel, meals, and hotel was gratuitous because he was not listed as a witness for trial. Miami-Dade County's request for reimbursement of Mr. Walcott's costs of $635.59 is therefore denied.

* * *

Miami-Dade County's request for reimbursement of witness fees of $4,690.12 is reduced to $1,688.39.

**D.   Fees for Exemplification and Costs of Making Copies**

Under Section 1920(4), a court may award the costs of making copies of materials necessarily obtained for use in the case. Copies of exhibits are taxable

11

costs. *Gonzalez v. Geico Gen. Ins. Co.*, No. 8:15-cv-240-T-30TBM, 2017 WL 1519755, at *4 (M.D. Fla. Apr. 27, 2017). Here, Miami-Dade County requests reimbursement for $25.00 from copying Ms. Rodriguez's deposition exhibits. (Doc. 168, p. 4). Miami-Dade County paid $0.50 per page to copy Ms. Rodriguez's exhibit. (Doc. 168, p. 7).

In the Middle District, and in other courts in the Eleventh Circuit, the reasonable market rate for copies is $0.10 to $0.15 cents per page. *Perkins v. Tolen*, No. 3:10-CV-851-J-37TEM, 2012 WL 3244512, at *3 (M.D. Fla. July 13, 2012) (citations omitted). Miami-Dade County failed to explain why copies at the higher rate of $0.50 should be taxed against Ms. Rodriguez. Thus, Miami-Dade County will be awarded costs for these copies at $0.15 per page for a total of $7.50.

E. **Request for Reduction of Costs Based on Financial Status**

When determining whether a prevailing party may recover its costs under Federal Rule of Civil Procedure 54(d), the court may, but need not, consider the losing party's financial status. *Chapman*, 229 F.3d at 1039 (citations omitted). The court, however, requires "substantial documentation" of the losing party's inability to pay costs. *Id.* (citations omitted). Courts "considering cost awards against non-prevailing parties . . . have frequently taken into account the parties' reliance on Social Security disability payments, lack of employment, and indigent status in determining the cost award and ordered a significant reduction." *K.B. v. Walt Disney Parks and Resorts US, Inc.*, No. 6:14-cv-1900-Orl-22GJK, 2017 WL 3065119, at *7 (M.D. Fla. July 19, 2017) (citations omitted).

Here, Ms. Rodriguez states she lost her job, her savings, her son's college fund, and incurred costs from medical treatment for psychiatric problems because of Miami-Dade County's alleged actions. (Doc. 171, p. 1–2). Ms. Rodriguez's provided a financial affidavit detailing her monthly expenses and income. (Doc. 173). Ms. Rodriguez's sole income is child support and food stamps. (Doc. 173, pp. 1–2).

The court concludes Ms. Rodriguez is unable to pay the full amount of costs. *See Brown v. U.S. Dep't of Agric.*, No. 6:06-cv-1329-Orl-18UAM, 2008 WL 203382, at *1 (M.D. Fla. Jan. 23, 2008) (granting plaintiff's request reduce costs taxed by fifty percent based on their financial status); *Jessup v. Miami-Dade Cty.*, No. 08-21571-CIV, 2011 WL 294417, at *2 (S.D. Fla. Jan. 27, 2011) (reducing costs by forty-five percent because of the non-prevailing party's indigency and inability to pay). The Court therefore reduces Ms. Rodriguez's taxation of costs by fifty percent of the total granted costs.

### III. CONCLUSION

Miami-Dade County's Motion for Taxation of Costs (Doc. 170) is **GRANTED-IN-PART** and **DENIED-IN-PART**. Miami-Dade County's taxable costs are $2,527.39, consisting of Fees for Service of Summons and Subpoena ($50.00), Fees for Printed or Electronically Recorded Transcripts ($764.00), Fees for Witnesses ($1,688.39), and Fees for Exemplification and Costs of Making Copies ($25.00). These taxable costs, however, are reduced by fifty percent because of Ms. Rodriguez's financial status. Thus, Ms. Rodriguez owes $1,263.70 to Miami-Dade County for

taxable costs.

**ORDERED** in Tampa, Florida, on April 29, 2019.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

cc: Nadia Rodriguez
     8941 Cairo Lane
     Port Richey, FL 34668